IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LOUISE BIGGERS,
            Plaintiff,

v.                                                 Civil Action No. 3:16-cv-431-JAG

WELLS FARGO BANK, N.A., et al.,
            Defendants.

## OPINION

The plaintiff, Louise Biggers, brings a slew of claims against Wells Fargo Bank, N.A. ("Wells Fargo") and others stemming from the allegedly wrongful foreclosure of her home. Biggers alleges a lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, violations of TILA and HOEPA, violations of RESPA, and rescission. The defendants moved to dismiss all claims. The Court grants the defendants' motions to dismiss because Biggers's copy-and-paste complaint wholly fails under Federal Rule of Civil Procedure 12(b)(6) and because *res judicata* bars her suit.

## I. BACKGROUND[1]

Biggers entered into a mortgage with Wells Fargo on April 16, 2013, for $150,800 for the property located at 1100 Butternut Drive, Hopewell, Virginia 23860 (the "Property"). As part of the mortgage, Biggers signed a note ("Note," Dk. No. 23-1 at 2) and a deed of trust ("Deed of

---

[1] The Court takes facts from Biggers's complaint, Biggers's counterclaim (which the Court interprets as a sur-reply to the defendants' motions to dismiss), Biggers's Emergency Injunction for Restraining Order, and from exhibits referenced in Biggers's filings and attached to the defendants' briefing on their motions to dismiss. *E.I du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (allowing a court to consider documents "integral to and specifically relied on in the complaint" so long as there is no challenge to their authenticity).

Trust," Dk. No. 17-2).[2] The Note says that Biggers understands "that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The Deed of Trust securing the Note names Biggers as the Borrower, Wells Fargo as the Lender, and Samuel I. White, P.C. as the trustee. (Dk. No. 17-2.) The Deed of Trust states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." The Property secures the Deed of Trust.

At some point, the defendants securitized the Note. Biggers says the defendants improperly transferred the Note "to Defendant, Ginnie Mae, acting as the Trustee for TRUST 2011-002 Trust (the "Trust") holding plaintiff's note." A contract known as a Pooling and Servicing Agreement ("PSA") governs how a loan may be transferred to such a trust. Biggers claims that flaws in the securitization caused a split in title and that the defendants failed to properly record assignments of the Note. Biggers does not allege, however, that she was a party to any PSA in this case. Biggers eventually defaulted on her mortgage and the defendants began foreclosure proceedings.

In 2015, Biggers brought a case against Wells Fargo and Samuel I. White, seeking an order preventing foreclosure on the Property (the "2015 Litigation").[3] Biggers claimed that she paid her mortgage under a debunked "redemptionist" theory, and the Court dismissed her claim with prejudice. Less than five months later, Biggers brought this action.

---

[2] The complaint says that Biggers entered into her mortgage on January 28, 2011, but the Note states that she entered into her mortgage on April 16, 2013. It appears that the mortgage was actually *securitized* on January 28, 2011. (Property Securitization Analysis Report, Dk. No. 23-1 at 2.) The defendants claim that Biggers refinanced a previous loan with her 2013 mortgage, so the securitization apparently occurred on a separate loan, before the 2013 mortgage.

[3] *Biggers v. Stumpf*, Civil Action No. 3:15-cv-682-JAG. In that case Biggers named Wells Fargo's CEO, and not Wells Fargo, as a defendant, but the Court treated Wells Fargo as a party.

2

## II. DISCUSSION

Biggers now brings claims against Wells Fargo, Government National Mortgage Association ("Ginnie Mae"), Wells Fargo Home Mortgage, Mortgage Electronic Registration Systems, Inc., and Does 1-100.[4] Biggers alleges the following: Count One: Lack of Standing to Foreclose; Count Two: Fraud in the Concealment; Count Three: Fraud in the Inducement; Count Four: Intentional Infliction of Emotional Distress; Count Five: Quiet Title; Count Six: Slander of Title; Count Seven: Declaratory Relief; Count Eight: Violations of TILA and HOEPA; Count Nine: Violations of RESPA; and Count Ten: Rescission. Biggers fails to state a valid claim against any defendant.[5] *Res judicata* also bars her claims because they arise out of the same circumstances as the 2015 Litigation.

### A. *Biggers Fails to State any Cognizable Claim*

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl.*

---

[4] Biggers named Ginnie Mae and Government National Mortgage Association as defendants; the Court treats them as the same entity.

[5] The Court dismisses the complaint against Wells Fargo Home Mortgage and Does 1-100 despite the fact that they have not appeared because a district court may dismiss a case brought *in forma pauperis* at any time the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When interpreting a pro se complaint, the Court must afford the complaint liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.*

In *Webb v. EquiFirst Corp.*, a district court in the Western District of Virginia faced a nearly identical complaint and dismissed all claims at the motion to dismiss stage.[6] No. 7:15-CV-00413, 2016 WL 1274618, at *1 (W.D. Va. Mar. 31, 2016). For the same reasons stated in *Webb*, Biggers's complaint wholly fails to state a claim.

As in *Webb*, the securitization of Biggers's mortgage did not alleviate her obligations on the Note. *Webb*, 2016 WL 1274618 at *5 (collecting cases). Further, Biggers lacks standing to challenge the propriety of the assignment of her mortgage under the PSA. *Id.* at *6 (citing *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 Fed. App'x 336, 342 (4th Cir. 2013)). Next, any "show me the note" claim contesting a defendants' standing to foreclose fails under Virginia law. *Id.* at *7 (citing *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 720 (W.D. Va. 2011)). Further, district courts in Virginia have "flatly rejected" the theory that splitting the Note and the Deed of Trust strips an assignee of the Deed of Trust from the right to foreclose. *Id.* (collecting cases). Finally, the failure to record transfers or assignments of the Note or Deed of Trust "does not preclude foreclosure in Virginia." *Id.*

Count One for lack of standing to foreclose fails under all theories discussed above. Counts Two and Three for fraud in the concealment and fraud in the inducement fail for many reasons, but most notably because Biggers fails to allege who made any fraudulent statements or

---

[6] Biggers uses a slightly modified, publicly available "foreclosure prevention" complaint available at http://www.certifiedforensicloanauditors.com/pdfs/sample-complaint-package/Complaint-petition.pdf. Her modifications do not vary materially from the complaint in *Webb*.

when they were made. *See* Fed. R. Civ. P. 9(b); *Webb*, 2016 WL 1274618 at *9 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999)). Count Four for intentional infliction of emotional distress also fails because the defendants acted within their legal rights to foreclose on her property. As noted in *Webb*, carrying out a legal remedy is not the kind of "severe and outrageous" conduct which supports an IIED claim. *Webb*, at *9. Counts Five, Six, and Seven for quiet title, slander of title, and declaratory relief also fail because each depends on the validity of legal claims which the Court has already dismissed. *Id.* at *10 (citations omitted). Counts Eight and Nine for violations of TILA, HOEPA, and RESPA also fail. Biggers does not allege which defendants violated these statutes and merely alleges that the defendants, generally, failed to explain the inner workings of her mortgage—these alleged deficiencies fail to state a claim. *Id.* Count Ten for rescission fails because Biggers has not alleged or shown that she could tender the full amount of her remaining loan obligation. *Id.* at *11. For these reasons, the Court dismisses all claims.

### B. Res Judicata Bars the Plaintiffs' Suit

Even if Biggers had stated a claim, *res judicata*, or claim preclusion, bars the plaintiff's asserted claims. Claim preclusion bars any action that (1) "arises from that same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior suit," (2) has been previously decided on the merits by a final judgment, and (3) contains the same parties or parties in privity to those from the prior suit. *See Houmadi v. U.S. Bank Nat. Ass'n*, No. 1:14-CV-997-CMH, 2014 WL 5092624, at *1 (E.D. Va. Sept. 26, 2014). Biggers's case satisfies each element.

Biggers's current claims arise from the same occurrence as the 2015 litigation—Wells Fargo's attempt to foreclose upon her home.[7] Biggers brought this case less than five months after the Court issued its final order in her prior case, and her claims stem from the exact same circumstances, even though she now alleges different legal theories.

This Court's decision in the 2015 Litigation constitutes a final judgment on the merits.[8] The Court dismissed the case with prejudice and issued a Final Order, and therefore issued a final judgment on the merits for the purposes of *res judicata*.

The defendants in the current case have privity with the defendants in the 2015 Litigation. "There is no single fixed definition of privity for purposes of res judicata. Whether privity exists is determined on a case by case examination of the relationship and interests of the parties." *Raley v. Haider*, 286 Va. 164, 172, 747 S.E.2d 812, 816 (2013). "The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *Id.* Wells Fargo, sued in both cases, is in privity with Wells Fargo Home Mortgage, Samuel I. White, P.C., and Ginnie Mae as the lenders, noteholders, and trustees of the mortgage. *Res judicata* therefore bars Biggers's claims at least to these parties.

---

[7] "When entertaining a motion to dismiss on the ground of *res judicata*, a court may take notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013).

[8] *Nabaya v. Stark*, at *3 ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of res judicata."); *Carter v. Brooks*, 77 Va. Cir. 363 (2009) ("A decision of an issue of law on a demurrer is a decision on the merits and constitutes res adjudicata [sic] as to any other proceedings where the same parties and the same issues are involved" so long as the decision contains "dismissal language making the order final.") (citation omitted).

## III. <u>CONCLUSION</u>

Because Biggers has failed to state a claim upon which relief may be granted and because *res judicata* bars her claims, the Court DISMISSES her complaint WITH PREJUDICE.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Order to all counsel of record and the pro se plaintiff via U.S. Mail.

Date: ~~January~~ February 3, 2017
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge